UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARRY LEE BROOKINS,<br><br>    Plaintiff,<br><br>v.<br><br>M. HERNANDEZ, et al.,<br><br>    Defendants. | Case No. 1:17-cv-01675-AWI-SAB (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT CERTAIN DEFENDANTS BE DISMISSED FROM THE ACTION FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF<br><br>[ECF No. 12] |

Plaintiff Barry Lee Brookins is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's first amended complaint, filed May 21, 2018.

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

///

///

1

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. at 676-677; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-1021 (9th Cir. 2010).

Prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, but the pleading standard is now higher, Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## COMPLAINT ALLEGATIONS

Plaintiff names the following fifteen prison officials as Defendants: Officer M. Hernandez, Lieutenant E. Williams, Lieutenant C. Livingston, A.O.D. S. Marsh, Associate Warden T.P. Wan, Officer L. Sanchez, Officer Galvenson, Officer Schleesman, Sergeant Crane, Sergeant Salvado, Captain A. Williams, Chief Office of Appeals M. Voong, Appeals Examiner D. Foston, Warden S. Sherman, and Lieutenant N. Scaife.

On February 19, 2017, M. Hernandez approached Plaintiff's cell and requested that he strip search. Plaintiff complied and stripped down to his boxer shorts and told Hernandez that he would not be able to bend, squat or pull his buttocks apart because he wears a full body back brace. Plaintiff also had a medical chrono which prohibited him from bending, squatting, lifting more than 10 pounds, and no behind back handcuffs. Officer Hernandez was not satisfied with the results even though he was

2

aware that Plaintiff could not perform the tasks requested. Plaintiff was handcuffed and escorted to C-facility clinic. Once Plaintiff was in the housing tank, he informed Licensed Vocational Nurses Martinez and Sami that he was unable to perform the strip search as requested by Martinez due to his medical issues. Sami asked if Plaintiff was suspected to have contraband on him, and Plaintiff stated no.

On this same date, Lieutenant E. Williams requested that Plaintiff strip search again, and Plaintiff complied "all the way down to [his] boxer shorts" and stated he would "not be able to bend, squat & spread my buttocks apart, I've been through the metal detectors, hand wands & they've been negative. If you think I have something on me take me to be x-rayed they've done it everywhere else I've been under the circumstances either at CTC or F&R [due] to my medical condition." Williams stated the x-ray technician was off and release and receiving had no one working, so if Plaintiff cooperated with him by removing his boxer shorts, bent over and spread his buttocks, he would dismiss the rules violation report of delaying staff and return him to his cell. Plaintiff again stated that he could not perform the tasks because of his medical condition as detailed in the medical chrono. Lieutenant Williams had Officer Hernandez hand wand him again which was negative but Williams decided to send Plaintiff to the Administrative Security Unit (ASU) contraband watch for weapons inspection. Plaintiff remained on contraband watch for three days, while handcuffed and in leg irons with bright lights on 24 hours a day.

After the third day on contraband watch, on February 21, 2017, Captain A. Williams arrived at the ASU and Plaintiff was taken for x-rays and cleared and released back to general population. Plaintiff submits that this same decision could have been made by Captain Williams three days earlier.

While Plaintiff was on contraband watch he asked several officers to turn off the bright light in his cell because he was unable to sleep. When Plaintiff asked Officer L. Sanchez to turn off the light, he stated that maintenance had to repair it because it was broken and would not turn off. When Plaintiff asked Officer Galvenson to turn off the light he stated that "they wanted him to leave it on." When Plaintiff asked Officer Schleesman to turn off the light he said he would check with someone and later told him no. When Plaintiff asked Sergeant Crane he stated, "that the light had to be fixed." When Plaintiff asked Sergeant Salvado to turn off the light he received the same negative responses.

3

Lieutenant C. Livingston interviewed Plaintiff regarding his inmate appeal filed regarding the circumstances surrounding his contraband surveillance watch. Plaintiff informed Livingston that he did not wish to withdraw the appeal, and the appeal was denied. S. Marsh upheld the decision that there was no misconduct and that staff did not violate CDCR state policy.

On July 3, 2017, N. Scaife upheld the decision that no misconduct by staff or policy had been violated and signed off on it.

On July 7, 2017, Warden S. Sherman also signed off on the inmate appeal.

Chief of Appeals M. Voong and Appeals Examiner D. Foston were afforded the opportunity to correct the matter and failed to do so when the appeal was denied at the third level of review on December 4, 2017.

Plaintiff contends that Associate Warden T.P. Wan is liable for the acts of his subordinates through the chain of command.

Plaintiff seeks compensatory damages as relief.

### III.

### DISCUSSION

**A.     Cruel and Unusual Punishment**

The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners not only from inhumane methods of punishment but also from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006) (citing Farmer v. Brennan, 511 U.S. 825, 847 (1994) and Rhodes v. Chapman, 452 U.S. 337, 347 (1981)) (quotation marks omitted). While conditions of confinement may be, and often are, restrictive and harsh, they must not involve the wanton and unnecessary infliction of pain. Morgan, 465 F.3d at 1045 (citing Rhodes, 452 U.S. at 347) (quotation marks omitted). Thus, conditions which are devoid of legitimate penological purpose or contrary to evolving standards of decency that mark the progress of a maturing society violate the Eighth Amendment. Morgan, 465 F.3d at 1045 (quotation marks and citations omitted); Hope v. Pelzer, 536 U.S. 730, 7378 (2002); Rhodes, 452 U.S. at 346.

Prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety, Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir.

4

2000) (quotation marks and citations omitted), but not every injury that a prisoner sustains while in prison represents a constitutional violation, Morgan, 465 F.3d at 1045 (quotation marks omitted). To maintain an Eighth Amendment claim, a prisoner must show that prison officials were deliberately indifferent to a substantial risk of harm to his health or safety. Farmer, 511 U.S. at 847; Thomas v. Ponder, 611 F.3d 1144, 1150-51 (9th Cir. 2010); Foster v. Runnels, 554 F.3d 807, 812-14 (9th Cir. 2009); Morgan, 465 F.3d at 1045; Johnson, 217 F.3d at 731; Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

Plaintiff contends that on February 19, 2017, Defendant Hernandez ordered him to strip naked, squat, bend over at the waist, and pull his buttocks apart. Although Plaintiff stripped down to his boxers, he was not able to comply with the further requests due to his back brace and a permanent medical chrono which restricts him from bending, back handcuffs, and lifting more than 10 lbs. Despite clearing a metal detector test and being denied an x-ray examination, Plaintiff was then sent to the administrative segregation unit and placed on contraband watch wearing handcuffs and leg restraints, and subjected to 24-hour bright lights for three days. Viewing Plaintiff's allegations liberally, Plaintiff states a cognizable claim for cruel and unusual punishment against Defendants Officer M Hernandez, Lieutenant E. Williams, Captain Williams, Officer L. Sanchez, Officer Galvenson, Officer Schleesman, Sergeant Crane, and Sergeant Salvado.

**B.      Inmate Appeal Process**

Plaintiff seeks to hold officials liable based on their decision of his inmate appeals.

"The Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake." Wilkinson v. Austin, 545 U.S. 209, 221 (2005). Plaintiff does not have a protected liberty interest in the processing his appeals, and therefore, he cannot pursue a claim for denial of due process with respect to the handling or resolution of his appeals. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)).

///
///
///

5

Defendants Livingston, Scaife, Sherman, Voong, Foston and Wan were involved in reviewing and deciding Plaintiff's inmate appeals challenging his placement in administrative segregation. As Plaintiff was previously informed, he does not have a protected liberty interest in the appeals process, and Defendants' involvement in reviewing and denying his appeals provides no basis for imposition of liability under section 1983. Ramirez, 334 F.3d at 860. Defendants were not directly involved in the alleged past violation of Plaintiff's right against cruel and unusual punishment, and their decision to deny his appeal during the administrative review process does not subject them to liability for the underlying violation allegedly committed by other prison officials. Accordingly, Plaintiff fails to state a cognizable claim against Defendants Livingston, Scaife, Sherman, Voong, Foston and Wan, and these Defendants should be dismissed, without further leave to amend.[1]

## IV.

## RECOMMENDATIONS

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. This action proceed on Plaintiff's cruel and unusual punishment claim against Defendants Officer M Hernandez, Lieutenant E. Williams, Captain Williams, Officer L. Sanchez, Officer Galvenson, Officer Schleesman, Sergeant Crane, and Sergeant Salvado; and

2. Defendants Livingston, Scaife, Sherman, Voong, Foston and Wan be dismissed from the action for failure to state a cognizable claim for relief.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **twenty-one (21) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the

---

[1] Based upon the allegations in Plaintiff's original and first amended complaint, the Court is persuaded that Plaintiff is unable to allege any additional facts that would support a cognizable claim against these Defendants, and further amendment would be futile. See Hartmann v. CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013) ("A district court may not deny leave to amend when amendment would be futile.") Based on the nature of the deficiencies at issue, the Court finds that further leave to amend is not warranted. Lopez v. Smith, 203 F.3d 1122, 1130 (9th. Cir. 2000); Noll v. Carlson, 809 F.2d 1446-1449 (9th Cir. 1987).

specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **June 15, 2018**

UNITED STATES MAGISTRATE JUDGE

7