# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARRY LEE BROOKINS,<br><br>    Plaintiff,<br><br>v.<br><br>M. HERNANDEZ, et al.,<br><br>    Defendants. | Case No. 1:17-cv-01675-AWI-SAB (PC)<br><br>SECOND ORDER TO SHOW CAUSE WHY DEFENDANT SALVADO SHOULD NOT BE DISMISSED FROM THE ACTION PURSUANT TO RULE 4 OF THE FEDERAL RULES OF CIVIL PROCEDURE<br><br>[ECF Nos. 20, 21, 22, 24, 26] |

Plaintiff Barry Lee Brookins is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

This action is proceeding on Plaintiff's claim for cruel and unusual punishment against Defendants officer M. Hernandez, lieutenant E. Williams, captain Williams, officer L. Sanchez, officer Galvenson, officer Schleesman, sergeant Crane, sergeant Salvado, and S. Marsh.

The United States Marshal was not able to locate or identify Defendant Salvado, and service was returned un-executed on October 29, 2018. On November 1, 2018, the Court issued an order to show cause why Defendant Salvado should not be dismissed pursuant to Rule 4(m) of the Federal Rules of Civil Procedure. (ECF No. 21.) Plaintiff filed a response to the order on November 26, 2018, and provided additional information to assist in identifying Defendant Salvado. (ECF No. 22.) On November 28, 2018, the Court issued a second order directing service on Defendant Salvado with the additional information provided by Plaintiff. (ECF No. 24.) On November 28, 2018, the

1

summons was returned unexecuted with a notation that Substance Abuse and Treatment Facility and Stater Prison, Corcoran was unable to identify an employee with the name Salvado even with the additional information. (ECF No. 26.)

Rule 4(m) of the Federal Rules of Civil Procedure provides:

> If a defendant is not served within 90 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

In cases involving a plaintiff proceeding in forma pauperis, the Marshal, upon order of the Court, shall serve the summons and the complaint. 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3). "[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint and [he] should not be penalized by having his action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform his duties." Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994) (internal quotations and citation omitted), abrogated on other grounds by Sandin v. Connor, 515 U.S. 472 (1995). "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is automatically good cause. . . ." Walker, 14 F.3d at 1422 (internal quotations and citation omitted). However, where a pro se plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the Court's sua sponte dismissal of the unserved defendants is appropriate. Walker, 14 F.3d at 1421-22.

At this juncture, the United States Marshal's office has exhausted the avenues available to it in attempting to locate and serve Defendant Salvado. Plaintiff shall be provided with an additional and final opportunity to show cause why this Defendant should not be dismissed. Fed. R. Civ. P. 4(m). Plaintiff may comply with this order by providing further information sufficient to identify this Defendant for service of process. If Plaintiff either fails to respond to this order or responds but fails to show cause, this Defendant shall be dismissed from this action, without prejudice.

To the extent Plaintiff is seeking issuance of a subpoena duces tecum, Plaintiff is advised the court's authorization of a subpoena duces tecum requested by an in forma pauperis plaintiff is subject

to limitations. Because personal service of a subpoena duces tecum is required, Federal Rule of Civil Procedure 45(b), "[d]irecting the Marshal's Office to expend its resources personally serving a subpoena is not taken lightly by the court," Austin v. Winett, No. 1:04-cv-5104-DLB PC, 2008 WL 5213414, at *1 (E.D. Cal. Dec. 12, 2008); 28 U.S.C. § 1915(d). Limitations include the relevance of the information sought as well as the burden and expense to the non-party in providing the requested information. Fed. R. Civ. P. 26, 45. A motion for issuance of a subpoena duces tecum should be supported by clear identification of the documents sought and a showing that the records are obtainable only through the identified third party. See, e.g., Davis v. Ramen, No. 1:06-cv-01216-AWI-SKO PC, 2010 WL 1948560, at *1 (E.D. Cal. May 11, 2010). The "Federal Rules of Civil Procedure were not intended to burden a non-party with a duty to suffer excessive or unusual expenses in order to comply with a subpoena duces tecum." Badman v. Stark, 139 F.R.D. 601, 605 (M.D. Pa. 1997). Non-parties are "entitled to have the benefit of this Court's vigilance" in considering these factors. Id.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Within thirty (30) days from the date of service of this order, Plaintiff shall show cause why Defendant Salvado should not be dismissed from this action; and

2. <u>The failure to respond to this order or the failure to show cause will result in the dismissal of Defendant Salvado from this action</u>.

IT IS SO ORDERED.

Dated: **December 4, 2018**

UNITED STATES MAGISTRATE JUDGE