# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARRY LEE BROOKINS,<br><br>    Plaintiff,<br><br>    v.<br><br>M. HERNANDEZ, et al.,<br><br>    Defendants. | Case No. 1:17-cv-01675-AWI-SAB (PC)<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING DISMISSAL OF DEFENDANT SALVADO PURSUANT TO RULE 4(M) OF THE FEDERAL RULES OF CIVIL PROCEDURE<br><br>[ECF Nos. 20, 21, 24, 26, 27, 28] |

Plaintiff Barry Lee Brookins is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

**I.**

**DISCUSSION**

This action is proceeding on Plaintiff's claim for cruel and unusual punishment against Defendants officer M. Hernandez, lieutenant E. Williams, captain Williams, officer L. Sanchez, officer Galvenson, officer Schleesman, sergeant Crane, sergeant Salvado, and S. Marsh.

The United States Marshal was not able to locate or identify Defendant Salvado, and service was returned un-executed on October 29, 2018. On November 1, 2018, the Court issued an order to show cause why Defendant Salvado should not be dismissed pursuant to Rule 4(m) of the Federal Rules of Civil Procedure. (ECF No. 21.) Plaintiff filed a response to the order on November 26, 2018, and provided additional information to assist in identifying Defendant Salvado. (ECF No. 22.)

1

On November 28, 2018, the Court issued a second order directing service on Defendant Salvado with the additional information provided by Plaintiff. (ECF No. 24.) On November 28, 2018, the summons was returned unexecuted with a notation that Substance Abuse and Treatment Facility and Stater Prison, Corcoran was unable to identify an employee with the name Salvado even with the additional information. (ECF No. 26.) On December 4, 2018, the Court issued a second order to show cause why Defendant Salvado should not be dismissed. (ECF No. 27.) Plaintiff filed a response on December 14, 2018. (ECF No. 28.)

Rule 4(m) of the Federal Rules of Civil Procedure provides:

> If a defendant is not served within 90 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

In cases involving a plaintiff proceeding in forma pauperis, the Marshal, upon order of the Court, shall serve the summons and the complaint. 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3). "[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint and [he] should not be penalized by having his action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform his duties." Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994) (internal quotations and citation omitted), abrogated on other grounds by Sandin v. Connor, 515 U.S. 472 (1995). "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is automatically good cause. . . ." Walker, 14 F.3d at 1422 (internal quotations and citation omitted). However, where a pro se plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the Court's sua sponte dismissal of the unserved defendants is appropriate. Walker, 14 F.3d at 1421-22.

At this juncture, the United States Marshal's office has exhausted the avenues available to it in attempting to locate and serve Defendant Salvado. In his December 14, 2018, response to the second order to show cause, Plaintiff merely reiterates that Sergeant Salvado was in the administrative segregation at Substance Abuse and Treatment Facility and state prison on February 19, 20, 21, 2017;

however, as Plaintiff has been advised by the United States Marshal, SATF is unable to identify any employee by this name or any name close to it even with this additional information. (ECF No. 26.) It is Plaintiff's obligation to proceed information necessary to identify and locate a given defendant—which Plaintiff has not done and is apparently unable to do. Accordingly, dismissal of Defendant Salvado, without prejudice, for failure to timely serve is warranted.

## II.

## RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that Defendant Salvado be dismissed from the action, without prejudice, pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with this Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __December 17, 2018__

UNITED STATES MAGISTRATE JUDGE