**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BARRY LEE BROOKINS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>M. HERNANDEZ, et al.,<br><br>　　　　Defendants. | Case No. 1:17-cv-01675-AWI-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO COMPEL<br><br>[ECF No. 55] |

　　Plaintiff Barry Lee Brookins is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

　　Currently before the Court is Plaintiff's motion to compel, filed February 10, 2020.

**I.**

**RELEVANT HISTORY**

　　This action is proceeding against Defendants Officer M. Hernandez and E. Williams for cruel and unusual punishment.

　　Defendants filed an answer to the complaint on December 19, 2018.

　　After an unsuccessful settlement conference, the Court issued the discovery and scheduling order on March 6, 2019. (ECF No. 37.)

On May 16, 2019, the Court granted Defendants request to modify the scheduling order and extended the time to file an exhaustion-related motion for summary judgment to July 9, 2019. (ECF No. 41.)

On July 9, 2019, Defendants filed an exhaustion-related motion for summary judgment. (ECF No. 42.)

On August 30, 2019, the undersigned issued Findings and Recommendations recommending that Defendants' exhaustion-related motion for summary judgment be granted, and Defendants A. Williams, Gelvezon, Sanchez, Crane, Scheesley, and Marsh be dismissed, without prejudice, for failure to exhaust the administrative remedies. (ECF No. 46.)

On December 16, 2019, the Findings and Recommendations were adopted in full and Defendants A. Williams, Gelvezon, Sanchez, Crane, Scheesley, and Marsh were dismissed from the action, without prejudice. (ECF No. 48.)

On January 16, 2020, Plaintiff filed a motion for reconsideration of the Court's December 16, 2019 order, which is pending review before the Honorable Anthony W. Ishii. (ECF No. 52.)

As previously stated, on February 10, 2020, Plaintiff filed the instant motion to compel. (ECF No. 55.) Defendants filed an opposition on February 26, 2020. Although the time for Plaintiff to file a reply has not expired, the Court finds the motion suitable for review without a reply. Local Rule 230(l).

## II.

## LEGAL STANDARD

Plaintiff is proceeding pro se and he is a civil detainee challenging his conditions of confinement. As a result, the parties were relieved of some of the requirements which would otherwise apply, including initial disclosure and the need to meet and confer in good faith prior to involving the Court in a discovery dispute. Fed. R. Civ. P. 26(a)(1); Fed. R. Civ. P. 26(c); Fed. R. Civ. P. 37(a)(1); Local Rules 240, 251; ECF No. 37, Discovery and Scheduling Order, ¶ 4. Further, where otherwise discoverable information would pose a threat to the safety and security of the prison or infringe upon a protected privacy interest, a need may arise for the Court to balance interests in determining whether disclosure should occur. See Fed. R. Civ. P. 26(c); Seattle Times Co. v. Rhinehart, 467 U.S. 20, 35 n.21 (1984)

(privacy rights or interests implicit in broad purpose and language of Rule 26(c)); Burlington N. & Santa Fe Ry. Co. v. United States Dist. Court for the Dist. of Montana, 408 F.3d 1142, 1149 (9th Cir. 2005) (discussing assertion of privilege); Soto v. City of Concord, 162 F.R.D. 603, 616 (N.D. Cal. 1995) (recognizing a constitutionally-based right of privacy that can be raised in discovery); see also Garcia v. Clark, No. 1:10-CV-00447-LJO-DLB PC, 2012 WL 1232315, at *6 n.5 (E.D. Cal. Apr. 12, 2012) (noting inmate's entitlement to inspect discoverable information may be accommodated in ways which mitigate institutional safety concerns); Robinson v. Adams, No. 1:08-cv-01380-AWI-BAM PC, 2012 WL 912746, at *2-3 (E.D. Cal. Mar. 16, 2012) (issuing protective order regarding documents containing information which implicated the safety and security of the prison); Orr v. Hernandez, No. CV-08-0472-JLQ, 2012 WL 761355, at *1-2 (E.D. Cal. Mar. 7, 2012) (addressing requests for protective order and for redaction of information asserted to risk jeopardizing safety and security of inmates or the institution if released); Womack v. Virga, No. CIV S-11-1030 MCE EFB P, 2011 WL 6703958, at *5-6 (E.D. Cal. Dec. 21, 2011) (requiring defendants to submit withheld documents for in camera review or move for a protective order).

However, this is a civil action to which the Federal Rules of Civil Procedure apply. The discovery process is subject to the overriding limitation of good faith, and callous disregard of discovery responsibilities cannot be condoned. Asea, Inc. v. Southern Pac. Transp. Co., 669 F.2d 1242, 1246 (9th Cir. 1981) (quotation marks and citation omitted). "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed R. Civ. P. 26(b)(1).

Generally, if the responding party objects to a discovery request, the party moving to compel bears the burden of demonstrating why the objections are not justified. Grabek v. Dickinson, No. CIV S-10-2892 GGH P, 2012 WL 113799, at *1 (E.D. Cal. Jan. 13, 2012); Womack, 2011 WL 6703958, at *3; Mitchell v. Felker, No. CV 08-119RAJ, 2010 WL 3835765, at *2 (E.D. Cal. Sep. 29, 2010); Ellis v. Cambra, No. 1:02-cv-05646-AWI-SMS PC, 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008). This

requires the moving party to inform the Court which discovery requests are the subject of the motion to compel, and, for each disputed response, why the information sought is relevant and why the responding party's objections are not meritorious. Grabek, 2012 WL 113799, at *1; Womack, 2011 WL 6703958, at *3; Mitchell, 2010 WL 3835765, at *2; Ellis, 2008 WL 860523, at *4. However, the Court is vested with broad discretion to manage discovery and notwithstanding these procedures, Plaintiff is entitled to leniency as a pro se litigant; therefore, to the extent possible, the Court endeavors to resolve his motion to compel on its merits. Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012); Surfvivor Media, Inc. v. Survivor Productions, 406 F.3d 625, 635 (9th Cir. 2005); Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002).

## III.

## DISCUSSION

### A. Plaintiff's Motion to Compel is Defective and Untimely

Plaintiff seeks to compel Defendants to respond to his first set of document requests. (ECF No. 55 at 1, 4-5.) However, Plaintiff failed to serve Defendants with his request of production of documents. Indeed, the proof of service indicates that he only served his request for production of documents on the United States District Court, not on Defendants. (Id. at 6.) Defendants submit that they only became aware of Plaintiff's document requests after they reviewed the electronically-filed copy of Plaintiff's instant motion to compel which attached a copy of the document requests as an exhibit. (Declaration of Brian S. Chan (Chan Decl.) ¶ 2, ECF No. 58-1.)

Furthermore, even if Plaintiff had served Defendants with his discovery requests, the request is untimely and an objection thereto would have been raised. (Chan Decl. ¶ 5.) Pursuant to the Court's discovery and scheduling order, the deadline for completion of all discovery including motions to compel expired on November 6, 2019. (ECF No. 37.). Plaintiff's discovery requests are dated January 15, 2020, over two months after the discovery deadline expired. (ECF No. 55 at 6.) As stated in the Court's discovery and scheduling order, "discovery requests … must be served sufficiently in advance of the discovery deadline to permit time for a response and time to prepare and file a motion to compel." (ECF No. 37 at 2.) Accordingly, Plaintiff did not timely file a motion to compel or timely serve Defendants with his discovery request and the instant motion must be denied.

4

### B. Plaintiff's Request for Deposition Transcript is Defective

In his motion, Plaintiff also requests a copy of the transcript from his November 5, 2019 deposition. (ECF No. 55 at 1.)

Pursuant to Federal Rule of Civil Procedure 30, a party may obtain a copy of the deposition transcript upon reasonable payment of fees, and Plaintiff's *in forma pauperis* status does not entitle him to a free copy. Fed. R. Civ. P. 30(f)(3); see also Vanderbusch v. Chokatos, No. 1:13-cv-01422-LJO-EPG, 2018 WL 3031488, at *2 (E.D. Cal. June 15, 2018) (denying plaintiff's request for court to order defendants provide him copy of deposition transcript) (citing Boston v. Garcia, No. 2:10-cv-01782 KJM DAD, 2013 WL 1165062, at *2 (E.D. Cal. Mar. 20, 2013) (same)). In addition, a plaintiff cannot obtain a copy of his deposition transcript free of chare by way of request for production. See, e.g., Joseph v. Parciasepe, No. 2:14-cv-0414 GEB AC P, 2016 WL 2743448, at *4 (E.D. Cal. May 11, 2016) (denying motion to compel production of a free copy of deposition transcript). A plaintiff must obtain deposition transcripts from the officer before whom the deposition was taken—a court reporter or deposition officer. See Claiborne v. Battery, No. CIV S-06-2919 FCD EFB P, 2009 WL 530352, at *3 (E.D. Cal. Mar. 3, 2009) (denying plaintiff's request for a court order directing the defendant to provide him with a copy of his deposition transcript). Accordingly, Plaintiff's request for a free copy of the deposition transcript is denied as both procedurally and substantively defective.

### IV.
### ORDER

Based on the foregoing, it is HEREBY ORDERED that Plaintiff's motion to compel a response to his discovery requests and a free copy of the deposition transcript is DENIED.

IT IS SO ORDERED.

Dated: **February 27, 2020**

UNITED STATES MAGISTRATE JUDGE