# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARRY LEE BROOKINS, | ) Case No. 1:17-cv-01675-AWI-SAB (PC) |
| Plaintiff, | ) |
| v. | ) ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OF THE COURT'S MARCH 26, 2020 ORDER DENYING HIS SECOND MOTION TO COMPEL |
| M. HERNANDEZ, et al., | ) |
| Defendants. | ) [ECF No. 69] |

Plaintiff Barry Lee Brookins is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's objections to the Court's March 26, 2020 order denying his second motion to compel, filed April 10, 2020. (ECF No. 69.) Plaintiff's objections shall be construed as a motion for reconsideration pursuant to Federal Rule of Civil Procedure 60(b).

Reconsideration motions are committed to the discretion of the trial court. Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc); Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C. Cir. 1987). A party seeking reconsideration must set forth facts or law of a strongly convincing nature to induce the court to reverse a prior decision. See, e.g., Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D. Cal. 1986), aff'd in part and rev'd in part on other grounds, 828 F.2d 514 (9th Cir. 1987).

///

1

1      Plaintiff seeks reconsideration of the Court's March 26, 2020 order denying his second motion

2 to compel as untimely.  (ECF No. 69.)  Plaintiff contends that he was "deprived" of access to the law

3 library to conduct research in order to draft timely discovery requests.  (ECF No. 69.)  In support of

4 his claim, Plaintiff submits documentation that Kern Valley State Prison was on modified

5 programming intermittently in August, November and December 2019, and January and March 2020.

6 (Id.)  However, Plaintiff overlooks the fact that discovery opened in this action in March 2019, and did

7 not expire until eight months later in November 2019.  (ECF No. 37.)  The fact that Kern Valley State

8 Prison was on modified programming during August and November of the discovery period does not

9 demonstrate that Plaintiff could not have timely drafted discovery requests.  Indeed, the modified

10 programming notices reflect that the library was open to priority library users.  (ECF. No. 69.)

11 Furthermore, Plaintiff has failed to demonstrate why law library access was necessary to draft timely

12 discovery requests.  In addition, the fact that the prison was on modified programming after the

13 discovery deadline expired is irrelevant.  Accordingly, Plaintiff's motion for reconsideration of the

14 Court's March 26, 2020 order is denied.

15

16 IT IS SO ORDERED.

17 Dated:   **April 21, 2020**   _____

18                   UNITED STATES MAGISTRATE JUDGE