# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARRY LEE BROOKINS,<br><br>    Plaintiff,<br><br>    v.<br><br>M. HERNANDEZ, et al.,<br><br>    Defendants. | Case No. 1:17-cv-01675-AWI-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S SECOND MOTION FOR APPOINTMENT OF COUNSEL, WITHOUT PREJUDICE<br><br>[ECF No. 86] |

Plaintiff Barry Lee Brookins is appearing *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's second motion for appointment of counsel, filed on June 23, 2020.

As Plaintiff is aware, there is no constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require any attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

///

///

1

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, the Court does find that neither the interests of justice nor exceptional circumstances warrant appointment of counsel at this time. LaMere v. Risley, 827 F.2d 622, 626 (9th Cir. 1987); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991). Plaintiff requests the Court appoint counsel based upon the following: the complexity of the case; his imprisonment greatly limits his ability to litigate; he is unable to afford counsel; he has no legal education; and the appointment of counsel would "bring forth all tangible pertinent records in discovery." Mot. at 1-2. Plaintiff is proceeding on an Eighth Amendment claim against Hernandez and Williams. Plaintiff contends Hernandez and Williams should not have placed him on CSW after he passed their metal detector searches and showed them a medical chrono indicating he could not take off his underwear, bend over, or squat for an unclothed body search. The legal issues in this case are not complex, and Plaintiff has adequately litigated this case to date. Although the allegations in Plaintiff's complaint were sufficient to state a plausible claim for relief, Plaintiff has not shown a likelihood of success on the merits. Indeed, Defendants have filed a motion for summary judgment on the merits of the Plaintiff's claims, and Plaintiff has filed a lengthy opposition. Thus, it is premature to determine that there is a likelihood of success on the merits.

While a pro se litigant may be better served with the assistance of counsel, so long as a pro se litigant, such as Plaintiff in this instance, is able to "articulate his claims against the relative complexity of the matter," the "exceptional circumstances" which might require the appointment of counsel do not exist. Rand v. Rowland, 113 F.3d at 1525 (finding no abuse of discretion under 28 U.S.C. § 1915(e) when district court denied appointment of counsel despite fact that pro se prisoner "may well have fared better-particularly in the realm of discovery and the securing of expert testimony.") Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary

assistance of counsel.  Thus, the Court finds that Plaintiff's arguments are not exceptional circumstances warranting the appointment of counsel at this time.  Accordingly, Plaintiff second motion for appointment of counsel is DENIED, without prejudice.

IT IS SO ORDERED.

Dated:   **June 24, 2020**

UNITED STATES MAGISTRATE JUDGE