1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BARRY LEE BROOKINS, | ) Case No. 1:17-cv-01675-AWI-SAB (PC) |
| Plaintiff, | ) |
| v. | ) ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION AND MOTION FOR JUDGMENT |
| M. HERNANDEZ, et al., | ) |
| Defendants. | ) [ECF Nos. 52, 61] |
| | ) |

Plaintiff Barry Lee Brookins is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's motion for reconsideration of the Court's December 16, 2019, order adopting the Findings and Recommendations and granting Defendants' exhaustion summary judgment motion, see Doc. No. 52, filed on January 16, 2020.  The motion for reconsideration indicates that it is brought under Rule 60(b)(1) and Rule 60(b)(4).  See id.  Also pending is Plaintiff's motion for judgment, filed on March 2, 2020.  See Doc. No. 61.  The two motions are related.  Plaintiff seeks reconsideration with respect the Court's exhaustion finding regarding Defendants A. Williams, Sanchez, Gelvezon, Scheesley, Crane, and Marsh.  See Doc. No. 52.  Plaintiff seeks a judgment that he exhausted his administrative remedies against these same Defendants.  See Doc. No. 61.

1

Federal Rule of Civil Procedure 60(b) governs relief from orders of the district court.  The Rule permits a district court to relieve a party from a final order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence. . .; (3) fraud . . . by an opposing party, . . .; (4) the judgment is void; (5) the judgment has been satisfied…; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b).  Further, apart from Rule 60(b), "[a] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." Marilyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (emphasis in original). Finally, Local Rule 230(j) requires Plaintiff to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."   "A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation" of that which was already considered by the Court in rendering its decision.  United States. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001).

Here, Plaintiff fails to meet the requirements for granting a motion for reconsideration. Plaintiff has not demonstrated mistake, inadvertence, surprise or excusable neglect for purposes of Rule 60(b)(1).  Further, there is no reasonable basis for arguing that the Court's December 16, 2019 order is void under Rule 60(b)(4).  Finally, Plaintiff has not shown "new or difference facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."  Local Rule 230(j).  Rather, the arguments Plaintiff presents in his motion are the same as those already presented by him which were previously considered and rejected by the Court.  Therefore, Plaintiff has failed to show that reconsideration of or relief from the December 16, 2019 order is appropriate.

With respect to the motion for judgment, that motion is contrary to the Court's determination that Plaintiff failed to exhaust administrative remedies.  Because there is no basis to reconsider the Court's exhaustion determination, there is no basis to grant Plaintiff's motion for judgment.  Thus, that motion will be denied.

1

<u>ORDER</u>

2       Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion for reconsideration (Doc. No.

3   52) and motion for judgment (Doc. No. 61) are denied.

4

5   IT IS SO ORDERED.

6   Dated: __September 10, 2020__          _____

7                                          SENIOR DISTRICT JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28